UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JETTA J. BAPTISTE,<br><br>  Plaintiff,<br><br>  v.<br><br>COUNTY OF ORANGE, *et al.*,<br><br>  Defendants. | Case No.: 1:25-cv-01323-KES-CDB<br><br>ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE TRANSFERRED<br><br>**14-DAY DEADLINE** |

Plaintiff Jetta J. Baptiste ("Plaintiff") initiated this action with the filing of a complaint on October 6, 2025. (Doc. 1).

**Background**

In her complaint, Plaintiff asserts that numerous Defendants, many of which are affiliated with the County of Orange and the Orange County Superior Court, deprived her of her constitutional rights. *Id.* at 2-5. In support of her claims to relief, Plaintiff states that, after bringing an action in Orange County Superior Court seeking unpaid wages and challenging unlawful court actions, Defendants retaliated against her by, *inter alia*, removing the scheduled jury trial from the court's calendar, striking her operative complaint, denying a hearing on her motion for summary judgment motions and motions to compel discovery, as well as seeking a vexatious litigant designation. *Id.* at 4-49. Plaintiff's allegations refer to conduct that occurred within Orange County, which lies in the Central District of California.

**Discussion**

Plaintiff asserts this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. *Id.* at 3. As such, venue in this action is governed by 28 U.S.C. § 1391, which provides in relevant part:

> A civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Venue "may be proper in multiple districts if 'a substantial part of the events or omission giving rise to the claim' took place in each district." *Newby v. Treyled Life Settlements LLC*, No. 1:24-CV-00886-JLT-SAB, 2024 WL 5186712, at *17 (E.D. Cal. Dec. 20, 2024) (quoting 28 U.S.C. § 1391(b)(2)), *report and recommendation adopted as modified*, 2025 WL 585913 (E.D. Cal. Feb. 24, 2025). Though section 1391 does not require that a majority of events have occurred within the district where the action is filed, "significant events or omissions material to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere." *Id.*

Here, Plaintiff has failed to plead any facts establishing that the Eastern District of California is where a "substantial part of the events or omissions giving rise" to her claim occurred. To the contrary, it appears from Plaintiff's allegations that the conduct giving rise to Plaintiff's claims occurred in the Central District of California. Plaintiff cites no authority for the proposition she advances that the Eastern District of California is appropriate as a "neutral venue where there will be no interference from those who control the courts and the [Orange County government] system." (Doc. 1 at 3).

While it appears plain from the complaint that this district is an improper venue for the action, even assuming that venue is in fact proper, the Court may sua sponte transfer this case to another district under 28 U.S.C. § 1404(a), so long as parties are first given the opportunity to present their views on the issue. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986) (citing

*Starnes v. McGuire*, 512 F.2d 918, 934 (D.C. Cir. 1974)) (where neither party has requested transfer, the district court, should, at a minimum, issue an order to show cause why the case should not be transferred); *see Minichino v. Sutidze*, No. C 11–02484 SBA, 2012 WL 621459, at *2 (N.D. Cal. 2012) ("The Court may sua sponte transfer an action under § 1404(a).").

Accordingly, the Court orders Plaintiff to show cause in writing why this case should not be transferred for improper venue pursuant to 28 U.S.C. § 1391(b).

### Conclusion and Order

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. **Within 14 days of the date of service of this order**, Plaintiff shall show cause in writing why this case should not be transferred for improper venue pursuant to 28 U.S.C. § 1391(b).
2. Alternatively, Plaintiff may file an application requesting that this case be transferred to the appropriate federal district in which the substantial part of the events occurred, pursuant to 28 U.S.C. § 1404(a).

**Failure to comply with this order will result in a recommendation that this case be dismissed for failure to prosecute.**

IT IS SO ORDERED.

Dated:   **October 8, 2025**

UNITED STATES MAGISTRATE JUDGE