UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JETTA J. BAPTISTE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF ORANGE, *et al.*,<br><br>　　　　Defendants. | Case No.: 1:25-cv-01323-KES-CDB<br><br>ORDER TRANSFERRING ACTION TO THE CENTRAL DISTRICT OF CALIFORNIA |

Plaintiff Jetta J. Baptiste ("Plaintiff") initiated this action with the filing of a complaint on October 6, 2025. (Doc. 1).

**Background**

In her complaint, Plaintiff asserts that numerous Defendants, many of which are affiliated with the County of Orange and the Orange County Superior Court, deprived her of her constitutional rights. *Id.* at 2-5. In support of her claims to relief, Plaintiff states that, after bringing an action in Orange County Superior Court seeking unpaid wages and challenging unlawful court actions, Defendants retaliated against her by, *inter alia*, removing the scheduled jury trial from the court's calendar, striking her operative complaint, denying a hearing on her motion for summary judgment motions and motions to compel discovery, as well as seeking a vexatious litigant designation. *Id.* at 4-49. Plaintiff's allegations refer to conduct that occurred within Orange County, which lies in the Central District of California.

On October 8, 2025, the Court ordered Plaintiff to show cause why this action should not be transferred for improper venue pursuant to 28 U.S.C. § 1391(b). (Doc. 3). Plaintiff timely filed her response to the order to show cause on October 23, 2025. (Doc. 4).

In her response, Plaintiff asserts that she "has the right under 28 U.S.C. § 1391 to bring this action where I reside" and that a "plaintiff's choice of forum is entitled to great weight." *Id.* at 12. Plaintiff provides that "several material events occurred after the conclusion of proceedings in Orange County" that "have a direct connection to Plaintiff's Kern County residence" and establish a "sufficient nexus for venue," including "filing of federal claims, preparation of the appellate record, and submission of fee waivers that were later altered or mishandled by Orange County court staff." *Id.* at 4. Plaintiff states that Defendants will suffer no hardship as they are "government officials and agencies with full access to the [s]tate's legal and financial resources." *Id.* at 13. In support of the contention that she has shown she "cannot receive a fair hearing in Orange County" and that transfer of venue would "chill the right of access to courts" (*id.* at 13-14), Plaintiff asserts that, *inter alia*, Orange County state court officials improperly shredded documents, opposing counsel improperly filed documents without notice or hearing, and Orange County judges and attorneys exhibited procedural bias (*id.* at 5-7).

Plaintiff attaches to her response numerous documents related to state court proceedings in Orange County. *Id.* at 20-54.

**Discussion**

Plaintiff asserts claims arising under federal law and sets forth that she resides in the County of Kern. *See* (Doc. 1). As such, venue in this action is governed by 28 U.S.C. § 1391, which provides in relevant part:

> A civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

1    Plaintiff bears the burden of showing that venue is proper. *See Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). Venue may be proper in multiple districts so long as "a substantial part of the events or omission giving rise to the claim" took place in each district. *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986) ("A claim arises in any district in which a substantial part of the acts, events, or omissions occurred that gave rise to the claim"). Though section 1391 does not require that a majority of events have occurred within the district where the action is filed, "significant events or omissions material to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere." *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 357 (2d Cir. 2005).

Here, despite Plaintiff's conclusory assertion that "several material events occurred after the conclusion of proceedings in Orange County" that "have a direct connection to Plaintiff's Kern County residence" (Doc. 4 at 4), none of Plaintiff's cited events in support (filing of federal claims, preparation of the appellate record, submission of fee waivers) constitute significant events material to the claims pleaded in the complaint occurring in the Eastern District of California. Plaintiff has failed to plead any facts establishing that the Eastern District of California is where a "substantial part of the events or omissions giving rise" to her claim occurred, or that this is where a "substantial part of the property" at issue is situated. To the contrary, Plaintiff's allegations in her complaint state that the conduct giving rise to Plaintiff's claims occurred in Orange County.

In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district. 28 U.S.C. § 1406(a); *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 465-67 (1962). Although Plaintiff requests the Court "[r]etain venue," "[d]eny transfer," and "[p]ermit Plaintiff to continue litigating in [her] chosen forum" (Doc. 4 at 15), because venue is not proper in the Eastern District of California, the Court will transfer this action to a proper district (the Central District of California).

Even if the Eastern District of California was a proper venue, the Court may sua sponte transfer this case to another district under 28 U.S.C. § 1404(a), so long as parties are first given the opportunity to present their views on the issue. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986) (citing *Starnes v. McGuire*, 512 F.2d 918, 934 (D.C. Cir. 1974)) (where neither party has

1  requested transfer, the district court, should, at a minimum, issue an order to show cause why the
2  case should not be transferred); *see Minichino v. Sutidze*, No. C 11–02484 SBA, 2012 WL 621459,
3  at *2 (N.D. Cal. 2012) ("The Court may sua sponte transfer an action under § 1404(a).").

4     The Court has provided Plaintiff the opportunity to present her views and Plaintiff has not
5  provided any facts setting forth that the Eastern District of California is where significant material
6  events or omissions material to her claim occurred.  The Court finds that, pursuant to 28 U.S.C. §
7  1391(b), the Central District of California is the proper venue for this action.

**Conclusion and Order**

For the foregoing reasons, IT IS HEREBY ORDERED that that this matter is transferred to the United States District Court for the Central District of California.

IT IS SO ORDERED.

Dated:  **October 24, 2025**                    _____
                                                 UNITED STATES MAGISTRATE JUDGE